E-FILED
Tuesday, 16 June, 2026  10:56:45 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

CHRISTOPHER L. WILSON,
    Plaintiff,

v.

    Case No. 4:26-cv-04022-JEH

TOM DART, *et al.*,
    Defendants.

**Merit Review Order**

Plaintiff Christopher Wilson, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was in the custody of the Cook County Jail and Knox County Jail. (Doc. 18). This case is before this Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

1

## II

Plaintiff files suit against Cook County Sheriff Tom Dart, John Doe (Cook County medical staff), Knox County Sheriff Jack Harlon, Jane Doe (Knox County nurse), and John Doe (Knox County staff).

Plaintiff states he is blind in his left eye. Plaintiff states he attended all his eye appointments while he was at the Cook County Jail. A doctor told Plaintiff to immediately notify medical staff if he began to lose sight in his right eye.

On September 17, 2024, Plaintiff was transferred from the Cook County Jail to the Knox County Jail. On October 22, 2024, Plaintiff submitted a medical request regarding his eyes. Plaintiff alleges he informed "nurse and staff" that his right eye was getting worse. (Doc. 18 at p. 5).

On February 11, 2025, Plaintiff and another inmate got into an argument about the television. When Plaintiff was let out of his cell on February 12, 2025, the inmate allegedly attacked him and struck him in the right eye. Plaintiff alleges he has continued to complain to "medical" about the blurriness in his right eye. *Id.* at p. 6.

Plaintiff alleges Cook County staff members failed to protect him by transferring him to the Knox County Jail, where he did not receive medical care for his eyes and was attacked by another inmate.

Plaintiff alleges Defendant Knox County Sheriff Harlon and his staff failed to protect him by releasing an inmate from his cell to attack him. Plaintiff alleges he was "set up." *Id.* Plaintiff also alleges Defendant Sheriff Harlon is liable for his staff members' failure to send him to an eye doctor, permitting deputies to act as licensed nurses, and allowing him to suffer eye pain.

### III

Plaintiff alleges Defendants Cook County Sheriff Dart and John Doe (Cook County medical staff) failed to protect him by transferring him to the Knox County Jail. To state a Fourteenth Amendment failure-to-protect claim, Plaintiff must allege the following:

> (1) the defendant made an intentional decision regarding the conditions of the plaintiff's confinement; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate the risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's inaction obvious; and (4) the defendant, by not taking such measures, caused the plaintiff's injuries.

*Echols v. Johnson*, 105 F.4th 973, 978 (7th Cir. 2024), *reh'g denied,* No. 22-3230, 2024 WL 3992502 (7th Cir. Aug. 29, 2024) (quoting *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022)). There is no indication that Defendants Sheriff Dart and Cook County medical staff knew there was a high degree of risk that Plaintiff would be denied medical care and attacked by another inmate at the Knox County Jail. Plaintiff fails to state a failure-to-protect claim against Defendants Sheriff Dart and Cook County medical staff.

After Plaintiff was transferred to the Knox County Jail on September 17, 2024, Plaintiff claims he was denied medical care for his eyes. Plaintiff alleges "they (Knox County) denied [his] eye appointment." (Doc. 18 at p. 5). Plaintiff also vaguely refers to "nurse and staff" and "medical." *Id.* Plaintiff's allegations are too vague and devoid of sufficient context and detail to establish a constitutional claim against Defendants Sheriff Harlon, John Doe (Knox County staff), and Jane Doe (Knox County nurse). Plaintiff did not include any specific allegations in his Amended Complaint to demonstrate how Defendants were personally involved

in any constitutional deprivation. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

Plaintiff also alleges Defendant Knox County Sheriff Harlon and his staff failed to protect him from being attacked by another inmate on February 12, 2025. Plaintiff does not sufficiently allege that John Doe (Knox County staff) knew there was a high degree of risk that Plaintiff would be attacked by the inmate. Additionally, there is no *respondeat superior* under § 1983. In other words, Defendant Sheriff Harlon cannot be liable based only on his supervisory position. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If Jail officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff fails to state a claim against Defendants Sheriff Harlon, John Doe (Knox County staff), and Jane Doe (Knox County nurse).

Plaintiff's Amended Complaint is largely identical to his Complaint. Plaintiff did not include any additional allegations in his Amended Complaint to establish a claim. Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court finds that any further amendment would be futile because the facts do not support a constitutional violation. Additionally, Plaintiff has had multiple opportunities to plead a cognizable claim and has failed to do so.

4

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment would be futile. The Clerk is directed to close this case and enter judgment.**

2) **This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is directed to record Plaintiff's strike in the three-strike log.**

3) **Plaintiff must still pay the remainder of the $350.00 filing fee even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior Order. (d/e 2/5/2026).**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

*It is so ordered.*

Entered: June 16, 2026

s/Jonathan E. Hawley
U.S. District Judge

5